UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

LOREN WELSAND,

    Plaintiff,

v.

THOMAS HEFFELFINGER, and
RICHARD MORGAN,

    Defendants.

_____

Civil No. 09-3187 (JNE/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff commenced this action by filing a one-page complaint, which was accompanied by several attached exhibits. The named Defendants are two former federal prosecutors, who apparently helped to prosecute Plaintiff in a 1992 criminal case in this District – United States v. Welsand, Crim. No. 4:92-cr-190 (MJD). In that case, a jury found Plaintiff guilty of several federal criminal offenses for defrauding the

1

United States Department of Veterans Affairs.  See United States v. Welsand, 23 F.3d 205 (8th Cir.), cert. denied, 513 U.S. 1045 (1994).

Neither the complaint, nor the attached exhibits, clearly explains why Plaintiff is now attempting to sue the two named Defendants.  The complaint includes only two vague allegations – "dishonest grand jury indictment," and "D.A. has no jurisdiction buy [sic] U.S. Law."  (Complaint, p. 1.)  Both of these allegations suggest that Plaintiff is attempting to challenge the validity of his conviction in his 1992 criminal case.  This suggestion is confirmed by Plaintiff's request for a "complete pardon with injuries."  (Id.)  Thus, as far as the Court can tell, Plaintiff is claiming that his conviction in his 1992 federal criminal case should be nullified, because of some unexplained misconduct by Defendants during their prosecution of that case.

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must describe a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff has failed to plead any actionable claim for relief. His complaint suffers from three fatal flaws, each of which, by itself, bars his present lawsuit.

First, Plaintiff's complaint is defective because it does not set forth any factual or legal grounds for granting him any redress against the named Defendants. The complaint does not describe any specific acts or omissions by either of the named Defendants, and it does not identify any statute, or any legal theory, principle or doctrine, on which this action is predicated. For this reason alone, Plaintiff has failed to plead an actionable claim for relief.

Second, it clearly appears that Plaintiff is attempting to sue the named Defendants for something they allegedly did, or failed to do, while prosecuting him in his prior federal criminal case. It is well settled, however, that prosecutors are entitled to absolute immunity from lawsuits based on acts or omissions that allegedly occurred while they were performing their prosecutorial duties. Van De Kamp v. Goldstein, 129 S.Ct. 855, 860 (2009); Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993). Therefore, even if Plaintiff's complaint described a set of historical facts showing that Defendants violated his rights under some cognizable legal theory, this action would have to be dismissed based on prosecutorial immunity.

Third, Plaintiff cannot bring a civil lawsuit that would, if successful, undermine the validity of a prior criminal conviction. Habeas corpus is the exclusive federal remedy for

3

challenging a criminal conviction. Heck v. Humphrey, 512 U.S. 477 (1994). Even though Plaintiff may no longer be eligible for federal habeas corpus relief, because he is no longer in custody, his current claims are still barred by Heck. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), cert denied, 128 S.Ct. 1714 (2008), quoting Heck, 512 U.S. at 490, n. 10. In this case, Plaintiff is directly challenging the validity of his conviction in his 1992 federal criminal case. Indeed, he has explicitly requested a "complete pardon" in connection with that case. Therefore, this action is barred by Heck.

## III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 18, 2009

                                             *s/ Jeffrey J. Keyes*
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 4, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.